RECEIVED
USDC WESTERN DISTRICT OF LA
TONY R. MOORE CLERK
DATE 3/12/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOHNNY WAYNE STEWART,<br>Plaintiff | CIVIL ACTION<br>SECTION "P"<br>1:08-cv-01505 |
| VERSUS | |
| NATCHITOCHES PARISH DETENTION<br>CENTER, et al.,<br>Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by plaintiff Johnny Wayne Stewart ("Stewart") on October 8, 2008, and amended on May 11, 2009 (Doc. 5) and February 3, 2012 (Doc. 40). Calvin McFerrin[1] (warden of the Natchitoches Parish Detention Center ("NPDC") in Natchitoches, Louisiana), and Willie Clark (head nurse of the NPDC), as well as several John and Jane Does, are named as defendants in the first amended complaint  In his second amended complaint, Stewart named Travis Williams, Jr. (a corrections officer employed at NPDC), Kristi Labom (a nurse employed at NPDC), Derrick Turner (chief of security at NPDC), Mrs. Celir[2] (a nurse employed at NPDC), the Natchitoches Parish Detention Center and the Natchitoches Parish Sheriff's Department as defendants (Doc. 5).

---

[1] Stewart incorrectly named McFerrin as "McFerson."

[2] The Clerk's office inadvertently typed defendant Celir's name as "Cecir" in the docket caption of this case.

Stewart alleges that, while he was incarcerated in the NPDC in October 2007, he suffered and was denied treatment for a heart attack; about two days after his heart attack, Stewart's mother convinced defendants to send Stewart to a hospital, where he was diagnosed with a heart attack and told he had "lost" 70 percent of his heart. For relief, Stewart asks for general damages, medical expenses, loss of earnings, permanent disability, costs, and legal interest (Doc. 40). Stewart also asks for a jury trial.

Natitoches Parish Detention Center

Stewart named the Natchitoches Parish Detention Center as a defendant. A parish jail is not an entity, but a building. Roy v. Orleans Parish Sheriff's Office, 2009 wl 4730697 (E.D.La. 2009), citing Jones v. St. Tammany Parish Jail, 4 F.Supp. 2d 616, 613 (E.D.La. 1998). A prison or jail or its administrative departments are not legal entities capable of being sued under Section 1983 because they are not juridical entities under Louisiana state law capable of being sued and because they are not "persons" for purposes of suit under Section 1983. Fair v. Crochet, 2010 WL 430806, *12 (E.D.La. 2010). Also, Guidry v. Jefferson Cty. Detention Center, 868 F.Supp. 189, 191 (E.D.Tex. 1994).

Therefore, Stewart's action against the Natchitoches Parish Detention Center should be dismissed

Natchitoches Parish Sheriff's Department

Stewart also named the Natchitoches Parish Sheriff's

Department as a defendant. Parish sheriff's departments are not legal entities capable of being sued. The State of Louisiana grants no such legal status to any parish sheriff's "office" or "department." Thus, the Natchitoches Parish Sheriff's Department is not a "person" capable of being sued. Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D.La. 1988); Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dept., 350 So.2d 236. 238 (La. App., 3d Cir.), w.d., 352 So. 2d 235 (La. 1977). Also, Riley v. Evangeline Parish Police Jury, 630 So.2d 1314, 1320 (La. App. 3d Cir. 1993), rev'd on part on other grounds, 637 So.2d 395 (La. 1994); Ferguson v. Stephens, 623 So.2d 711, 714-15 (La. App. 4th Cir. 1993); Garner v. Avoyelles Parish Sheriff's Dept., 511 So.2d 8 n.1 (La. App. 3d Cir. 1987).[3]

Therefore, Stewart's Section 1983 action against the Natchitoches Parish Sheriff's Department should be dismissed with prejudice.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Stewart's complaint against the Natchitoches Parish Sheriff's Department, and the Natchitoches Parish Jail be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and

---

[3] In Louisiana there are Sheriffs, La. Const, art, 5, § 27, and there are Parish Law Enforcement Districts, which provide financing for Sheriffs, La.R.S. 13:5901, et seq.

Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ___ day of March, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE