RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9-6-12
BY JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOHNNY WAYNE STEWART,<br>      Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. 1:08-cv-1505 |
| VERSUS | |
| NATCHITOCHES PARISH DETENTION<br>CENTER, et al.,<br>      Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court are one motion for summary judgment (Doc. 26) and two motions to dismiss (Docs. 55, 57) pending in a complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by plaintiff Johnny Wayne Stewart ("Stewart") on October 8, 2008, and amended on May 11, 2009 (Doc. 5) and February 3, 2012 (Doc. 40).

Stewart did not name any defendants in his original complaint. Calvin McFerrin[1] (warden of the Natchitoches Parish Detention Center ("NPDC") in Natchitoches, Louisiana), and Willie Clark (head nurse of the NPDC), as well as John and Jane Does, are named as defendants in the first amended complaint (Doc. 5). In his second amended complaint (Doc. 40), Stewart named Travis Williamson, Jr.[2] (a corrections officer employed at NPDC), Kristi Labom (a nurse employed at NPDC), Derrick Turner (chief of security at NPDC), Mrs.

---

[1] Stewart incorrectly named McFerrin as "McFerson."

[2] Williamson is listed as "Williams" in the docket caption of this case.

Celir[3] (a nurse employed at NPDC), the Natchitoches Parish Detention Center and the Natchitoches Parish Sheriff's Department as defendants.

Stewart alleges that, while he was incarcerated in the NPDC in October 2007, he suffered and was denied treatment for a heart attack; about two days after his heart attack, Stewart's mother convinced defendants to send Stewart to the emergency room on October 7, 2007, where he was diagnosed with a heart attack and told he had "lost" 70 percent of his heart. For relief, Stewart asks for general damages, medical expenses, loss of earnings, permanent disability, costs, and legal interest (Doc. 40). Stewart also asks for a jury trial.

Defendants McFerrin, Clark, Turner, and Labom answered the complaint (Docs. 9, 10, 54). Although Celir was served through an agent (McFerrin) (Doc. 12), neither an answer nor a dispositive motion has been filed on Celir's behalf.

Defendants filed a motion for summary judgment (Doc. 26) supported by a statement of undisputed facts, documentary evidence, and affidavits. Stewart filed an opposition to defendants' motion, accompanied by a statement of undisputed facts (Doc. 43).

Defendants filed an additional motion for summary judgment (Doc. 48), on which the undersigned recommended dismissal of the Natchitoches Parish Detention Center (as well as the sheriff's

---

[3] *Defendant "Cecir" should be "Celir" (Doc. 40).*

department) as a defendant (Doc. 50) and the District Judge adopted that recommendation (Doc. 51). However, "Natchitoches Parish Jail" was inadvertently typed in the judgment instead of "Natchitoches Parish Detention Center." *Therefore, Stewart's action against the Natchitoches Parish Detention Center should be dismissed.* Also, the judgment failed to fully grant defendants' motion for summary judgment (Doc. 48). *Therefore, defendants' motion for summary judgment (Doc. 48) should be granted in full.*

Next, defendants Labom, Clark, McFerrin, and Turner filed motions to dismiss the complaint for failure to state a claim on which relief may be granted (Docs. 55, 57). Plaintiff Stewart filed responses to those motions (Docs. 60, 69). Defendants' motions to dismiss (Docs. 55, 57) and first motion for summary judgment (Doc. 26) are now before the court for disposition.

<u>Law and Analysis</u>

<u>Travis Williamson, Jr.</u>

Williamson was not served. Williamson is no longer employed at the NPDC and the most recent information shows he is residing in Texas (Doc. 61). Since more than 120 days has passed since Stewart's complaint was filed and since Stewart was appointed counsel (Doc. 23), Stewart's complaint against Williamson should be dismissed without prejudice, pursuant to Fed.R.Civ.P. 4(m), for failure to effect service. See <u>McGinnis v. Shalala</u>, 2 F.3d 548, 550 (5th Cir. 1993), cert. den., 510 U.S. 1191, 114 S.Ct. 1293

3

(1994); Systems Signs Supplies v. U.S. Dept. of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990); Kersh v. Derosier, 851 F.2d 1509, 1512 (5th Cir. 1988).

Kristi Labom

Labom filed a motion to dismiss (Doc. 55), contending Stewart's claim against her is prescribed. Stewart alleges he suffered a heart attack and was denied treatment at the NPDC in 2007. Stewart filed his original complaint on October 8, 2008, and amended it on May 11, 2009 (Doc. 5) and February 3, 2012 (Doc. 40). Labom argues that Stewart added Labom as a defendant in his second amended complaint, on February 1, 2012, well beyond the one year prescriptive period.

Section 1983 actions in Louisiana are governed by a one year prescriptive period. La.C.C. art 3492; Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938 (1985); McGregor v. LSU Bd. of Supervisors, 3 F.3d 850, 864 (5th Cir. 1993, cert. den., 510 U.S. 1131, 114 S.Ct. 1103 (1994). This prescriptive period commences to run from the date injuries or damages are sustained, Washington v. Breaux, 782 F.2d 553, 554 (5th Cir. 1986), or under the doctrine of contra non valentum, from the time the plaintiff knew or could reasonably have known he had a cause of action, McGregor, 3 F.3d at 865. Also, Corsey v. State Dept. of Corrections, 375 So.2d 1319, 1322 (La. 1979).

Stewart's medical records show he was transported to the

emergency room on October 7, 2007, where he learned he was having a heart attack (Doc. 26, Ex. p. 18/42). The medical records reflect that prison officials contacted Stewart's family and informed them of his heart attack on October 7, 2007 (Doc. 26, Ex. p. 18/42). Therefore, Stewart's cause of action culminated on October 7, 2008, and he had one year, or until October 7, 2008, to timely file a lawsuit.

Stewart did not name or describe any defendants in his original complaint. However, Stewart named nurse "Jane Doe" in his first amended complaint (DOc. 5) and substituted "Kristi Labom" for nurse Jane Doe in his second amended complaint on February 1, 2012 (Doc. 40). Defendants contend the amendment of Stewart's complaint is untimely.

> Fed.R.Civ.P. rule 15(C) provides:
>
> (c) Relation Back of Amendments.
>
> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

5

>    (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The relation-back doctrine found in Rule 15(c) is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification. <u>Lane v. Harris Cty. Jail Medical Dept.</u>, 2006 wl 2868944, *15 (S.D.Tex. 2006), aff'd, 266 Fed.Appx. 315 (5th Cir. 2008), citing <u>Jacobsen v. Osborne</u>, 133 F.3d 315, 320 (5th Cir. 1998). Failing to identify individual defendants cannot be characterized as a mistake. <u>Miller v. Mancuso</u>, 388 Fed.Appx. 389, 391 (5th Cir. 2010), citing <u>Jacobsen v. Osborne</u>, 133 F.3d at 320). Also, <u>Locklear v. Bergman & Beving AB</u>, 457 F.3d 363 (4th Cir. 2006), cert. den., 549 U.S. 1208, 127 S.Ct. 1332 (2007); <u>Barrow v. Wethersfield Police Dept.</u>, 65 F.3d 466, 470 (2d Cir. 1995), modified, 74 F.3d 1366 (2d Cir. 1996) (an amended complaint filed after the statute of limitations had run, to add defendants' names to a complaint which originally named "John Does," did not relate back to the original complaint).

Thus, under these circumstances, Stewart's amendment adding Labom as a defendant does not relate back, under Rule 15(c), to his original complaint, which did not name (or describe) any defendants, not even John or Jane Does. Compare, <u>Lane</u>, 2006 wl

2868944 at *15, Jacobsen, 133 F.3d at 320. Therefore, Stewart's amendment adding Labom as a defendant on February 1, 2012 was untimely because it was past the one year limitation for filing suit.

Therefore, Labom's motion to dismiss (Doc. 55) should be granted on the basis that Stewart's claims against her are prescribed.

## Willie Mae Clark, Calvin McFerrin, Derrick Turner

Defendants Clark, McFerrin, and Turner also filed a motion to dismiss, contending Stewart's claims have prescribed (Doc. 57). Since this argument is equally applicable to defendant Celir, Stewart's claim against her will discussed, also.

Stewart alleges he suffered a heart attack and was denied treatment at the NPDC in October 5-7, 2007, and learned he had suffered a heart attack when he was sent to the emergency room on October 7 2007. Stewart filed his original complaint on October 8, 2008, and amended it on May 11, 2009 (Doc. 5) and February 3, 2012 (Doc. 40). Defendants argue that, because Stewart's complaint was filed on October 8, 2008, it was prescribed. However, defendants have overlooked the well-established mailbox rule.

Under the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the *pro se* prisoner submits the pleading to prison authorities for mailing. Causey v. Cain, 450 F.3d 601, 604 (5th Cir. 2006), citing Houston v. Lack, 487 U.S.

7

266, 270-71 (1988). Stewart was proceeding pro se when he filed his original complaint; Stewart did not have an attorney until 2011. Therefore, the mailbox rule applies to the filing of Stewart's original complaint.

Stewart's original complaint was filed on October 8, 2008. However, Stewart's is post-marked October 7, 2008. Therefore, Stewart gave his complaint to the prison authorities for mailing on or before October 7, 2008, the date it was mailed, indicating that Stewart's original complaint was timely filed on October 7, 2008 (at the latest). Therefore, Stewart's action has prescribed.

However, as set forth above, Stewart named the individual defendants in later amendments to his original complaint. Stewart did not name or even describe any defendants in his original complaint filed on October 8, 2008; he did not even list John and Jane Does. In his first amended complaint, filed on May 11, 2009, Stewart named Warden McFerrin and Head Nurse Clark, as well as John and Jane Does. In his second amended complaint, filed on February 3, 2012, Stewart named Chief of Security Turner and Nurse Celir.

For the same reasons described above (under Labom), Stewart's May 11, 2009 and February 3, 2012 amendments to his complaint, naming Turner, McFerrin, Clark, and Celir as defendants, are untimely because they do not relate back to Stewart's original complaint. Stewart's original complaint did not name or describe any defendants; no one was put on notice of being sued. Thus,

under these circumstances, Stewart's amendments adding the named defendants do not relate back under Rule 15(c) to his original complaint. Compare, <u>Lane</u>, 2006 wl 2868944 at *15, <u>Jacobsen</u>, 133 F.3d at 320. Therefore, Stewart's amendments adding Turner, McFerrin, Clark and Celir as defendants were untimely because they were past the one year limitation for filing suit.

Therefore, the motion to dismiss filed by Turner, McFerrin, Clark (and Celir) (Doc. 57) should be granted on the basis that Stewart's claims against them have prescribed.

<u>Motion for Summary Judgment</u>

Defendants also filed a motion for summary judgment (Doc. 26), which Stewart opposes (Doc. 43). However, since Stewart's claims against the defendants are prescribed, defendants' motion for summary judgment (Doc. 26) should be dismissed as moot.

<u>Conclusion</u>

Based on the foregoing discussion,

IT IS RECOMMENDED that Stewart's complaint against Williamson be dismissed without prejudice, pursuant to Fed.R.Civ.P. 4(m), for failure to effect service of process.

IT IS RECOMMENDED that Stewart's action against the Natchitoches Parish Detention Center be DISMISSED WITH PREJUDICE and that the remainder of defendants' motion for summary judgment (Doc. 48) be GRANTED.

IT IS FURTHER RECOMMENDED that defendants' motions to dismiss

(Docs. 55, 57) be GRANTED and that Stewart's action be DENIED AND DISMISSED WITH PREJUDICE as to all defendants and in its entirety.

IT IS FURTHER RECOMMEDED that defendants' motion for summary judgment (Doc. 26) be DENIED AND DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 5th day of September 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE